# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE:**<br><br>**BILLY DRIVER,** | 1:17-mc-00001-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE AND/OR EXEMPTION FROM E-FILING CIVIL RIGHTS COMPLAINT, AND DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT<br><br>[ECF Nos. 1, 4] |

On January 3, 2017, the Court received a notice from the Plaintiff requesting access to the electronic case filing system at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff specifically requests an order directing the litigation coordinator at KVSP to process his section 1983 complaint outside of the e-filing system.

On January 5, 2017, the Court served a copy of Mr. Driver's notice on Supervising Deputy Attorney General Monica Anderson and directed that a response to Mr. Driver's notice be filed within fourteen days.

On January 18, 2017, by way of special appearance, Deputy Attorney Van Kamberian filed a response, and Plaintiff filed a response on January 23, 2017. The matter is now submitted to the Court for review and ruling.[1]

---

[1] Except for specifically identified motions not at issue here, a magistrate judge is permitted to hear and determine any pretrial matter that is not dispositive of a claim or defense pending before the court. 28 U.S.C. § 636(b)(1); Local Rule 302. As the issue addressed here is not dispositive of Plaintiff's action, but merely addresses the manner in which his case must be filed, the Court shall proceed by order.

1

# I.

# DISCUSSION

On February 24, 2016, this Court issued a Standing Order for the United States District Court for the Eastern District of California, Fresno Division, that describes a pilot program in which the Court and the California Department of Corrections and Rehabilitation (CDCR) have agreed to participate in a program whereby initial pleadings submitted by prisoners in civil rights cases involving conditions of confinement claims are electronically filed. As part of this pilot program, CDCR has agreed to collaborate with the Court to obtain and maintain participating penal institutions under the program. Participating penal institutions shall be those institutions which CDCR and the Court agree shall participate in the program. This pilot program is designed to reduce the costs of processing court filings in civil rights cases brought by incarcerated Plaintiffs pursuant to 42 U.S.C. § 1983. This Standing Order only applies to initial filings by Plaintiffs which is defined as the complaint, an application to proceed in forma pauperis without prepayment of fees, or a motion seeking relief from this Standing Order or a motion for emergency relief. At a CDCR participating facility, no initial documents will be accepted for filing by the Clerk of the Court unless done pursuant to the Standing Order or the scanning equipment is inoperable for a period longer than forty-eight (48) hours. After the initial filings, all other filings shall be mailed and comply with the Local Rules for the United States District Court for the Eastern District of California. Initial filings from inmate Plaintiffs who reside at participating institutions, not sent through the e-filing procedures, unless those for which the filing fee is paid in full, will be rejected by the Court.[2]

Plaintiffs shall provide their complaint and any application to proceed in forma pauperis without prepayment of fees to CDCR in conformity with CDCR's procedures for the electronic filing of initial documents, including any applicable procedures for paying for photocopies. Plaintiffs are required to pay for photocopies according to the applicable CDCR policies and procedures. To facilitate complaint with Federal Rule of Civil Procedure 8(a)(2), complaints shall not exceed twenty-

---

[2] Since the e-filing program has no way of collecting filing fees, inmate Plaintiffs who wish to pay the filing fee in full must submit their initial filings through the United States mail.

five (25) pages in length.  In the event a Plaintiff needs to file a complaint longer than twenty-five (25) pages, he or she must submit a motion demonstrating the grounds for the need to exceed the page limitation, along with the proposed complaint, to the Court for permission to exceed the page limit.

In this instance, Plaintiff contends that while housed at KVSP he is denied access to the law library and e-filing system.

In response to Plaintiff's contention, Deputy Attorney General, Van Kamberian, declares as follows:

> Upon inquiry, the Office of the Attorney General learned that Plaintiff submitted two requests for Law Library access both of which were received on December 22, 2016, and processed on December 27, 2016. (See Attachment A, Declaration of R. Tinsley ¶ 4.) Plaintiff visited the KVSP Law Library on January 6, 2017. (Id.) The delay from December 27, 2016, to January 6, 2017, was caused by the fact that the Library Technical Assistant had to divide her time and cover a second Law Library. (Id.) In addition, Priority Legal Users, (for which Plaintiff did not qualify) have first access and use of the Law Library two days a week. (Id.) But, the Law Library maintains a window that inmates, like Plaintiff, can quickly obtain forms and access to materials, without waiting on a request or ducat. (Id. at ¶ 7.) Plaintiff could have, but did not, availed himself to this opportunity to go to the Law Library.
>
> While at the KVSP Law Library on January 6, 2017, Plaintiff requested forms, but did not ask for the forms to be e-filed. (Id. at ¶ 5.) Plaintiff was called back to his housing unit later that same morning in order to pack for a transfer to California State Prison-Lancaster.[3] (Id. at ¶ 6.) Thus, any e-filing by Plaintiff at this point will need to be done from California State Prison-Lancaster.

(Resp. at 1-2, ECF No. 5.) (footnote in original.)

In his response, dated January 23, 2017, Plaintiff submits that he has been transferred out to court at California State Prison-Lancaster until February 16, 2017.  (Resp. at 2, ECF No. 6.)  Plaintiff contends that his access to the courts has been impeded for multiple years and because of his disabilities he is in the enhanced outpatient program.

As set forth by Deputy Attorney General, Van Kamberian and the declaration by Library Technical Assistant at KVSP, R. Tinsley, Plaintiff's requested law library access on December 22,

---

[3] On January 10, 2017, the Office of the Attorney General forwarded the Court's Order filed January 5, 2017 to the Litigation Coordinator at California State Prison-Lancaster and requested that the Order be forwarded to the Plaintiff.  On January 12, 2017, the Office of the Attorney General was informed that the Order was delivered to Plaintiff and that he had not yet requested Law Library access.

2016, and received access to library on January 6, 2017. On this date, Plaintiff requested forms, but did not ask that the forms be e-filed, and Plaintiff was thereafter transferred to California State Prison-Lancaster.

## II.

## CONCLUSION AND ORDER

Based on the evidence before the Court, Mr. Driver has had adequate access to the law library and e-filing system at KVSP, but has simply failed to properly utilize such services. It is clear that it is actions of Mr. Driver in failing to comply with the proper procedures, and not prison officials, which have prevented him from utilizing the e-filing system. There is no basis for Court intervention and Mr. Driver must comply with the normal procedures pursuant to the Court's Standing Order to have his complaint e-filed with this Court. Although Plaintiff is presented housed at California State Prison-Lancaster which is not part of this Court's standing order regarding e-filing, Plaintiff may file a civil rights complaint through the traditional mailing services, if so desired.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for Court intervention is DENIED;
2. If Plaintiff seeks to file a civil rights complaint challenging the conditions of confinement while he is housed at KVSP, he must comply with the Court's Standing Order, effective February 24, 2016 to have his complaint e-filed by this Court and the failure to do so will result in return of the complaint as not filed;
3. Plaintiff's motion to proceed in forma pauperis is DENIED as MOOT.

IT IS SO ORDERED.

Dated:  **January 27, 2017**

UNITED STATES MAGISTRATE JUDGE

4